# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MICHAEL TRUJILLO**,

     Plaintiff,

vs.                                                              **No. 12cv1125 JB/KBM**

**SOCIAL SECURITY ADMINISTRATION**,

     Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

     **THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C.

§§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th

Cir. 1990), directing me to "perform any legal analysis required to recommend to the Court an

ultimate disposition" of any motions filed in this case.  *See* Doc. 6.  Before the Court is pro se

plaintiff Michael Trujillo's *Application to Proceed in District Court without Prepaying Fees or

Costs* (hereinafter called a motion to proceed in forma pauperis "IFP") [Doc. 2].

     Because of this motion, the Court must "review the affidavit and screen [his] case under 28

U.S.C. §§ 1915(a) and (e)."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is

untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim

on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from

such relief."  § 1915(e).  In reviewing the Complaint, I "will not supply additional facts, [or]

---

[1]   Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.   If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

## I.      Trujillo has not established indigency.

Trujillo, who is 50 years old and has no dependents, receives $700/month in disability benefits. *See* Doc. 2 at 2.   He pays no rent or mortgage, but pays $100/month for utilities, including his telephone, and $40/month for transportation. *See id.* at 4.   Medicaid provides for his medical needs, and the State provides for his food. *See id.* at 3.   On these facts, Trujillo has failed to show that he cannot, because of poverty, provide himself with the necessities of life and pay the filing fee. *See Adkins*, 335 U.S. at 339.   His application to proceed IFP should, therefore, be denied and his Complaint should be dismissed. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

II.     **Trujillo has failed to invoke the Court's subject-matter jurisdiction.**

Even if Trujillo could show that he is indigent, the Court should dismiss his Complaint. "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Trujillo is suing an agency of the United States – the Social Security Administration – under 42 U.S.C. § 1983.  *See* Compl. at 1.  Trujillo alleges that  he took care of a friend for five years, in exchange for the friend's promise that she would reimburse Trujillo when her social-security benefits were awarded.  *See* Compl. at 2.  Unfortunately, the friend died before she received her first check. *See id.*  But § 1983 does not apply to the federal government, its agencies, or its employees or officers acting in their official capacities because they are not state actors.  *See Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107, **2 (10th Cir. May 18, 2006) (holding that "[t]he federal government is not subject to suit under § 1983").

To invoke the Court's subject-matter jurisdiction under § 1343(3) and § 1983, a plaintiff must allege facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3).  *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights

3

jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished).  Trujillo has not invoked the Court's subject-matter jurisdiction under § 1983.

Further, the sparse allegations in Trujillo's Complaint state no cause of action against the Social Security Administration.  Trujillo does not allege, for example, that he had some sort of written contract with the Administration to take care of his friend that has been breached.  Even if he had alleged facts accusing the Administration of wrongdoing, to sue an agency of the United States, Trujillo must "find and prove an explicit waiver of sovereign immunity" in an applicable statute, and the "sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute."  *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992).  "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain suit."  *Id.*; *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (noting that sovereign immunity generally precludes damage claims against the United States government).

Because Trujillo has not alleged sufficient facts to invoke the Court's subject-matter jurisdiction, I recommend that the Court deny the motion to proceed IFP and dismiss the Complaint without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-18 (10th Cir. 2006) (noting that "[a] longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice").

_____
**CHIEF UNITED STATES MAGISTRATE JUDGE**

4